UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JAMES A. STARRETT, | ) |  |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 2:14-cv-00152-DBH |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant moves to dismiss this appeal from the denial of an application for Social Security benefits on the ground that it was filed one day after the statutory deadline for filing such appeals. Memorandum in Support of Motion to Dismiss ("Motion") (ECF No. 10-1) at 1-2. I recommend that the court deny the motion.

The applicable statute provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The defendant also invokes 20 C.F.R. § 422.210(c), which establishes a presumption of receipt of the notice five days after the date of the notice. Motion at 1-2.

In this case the Appeals Council, from which the plaintiff requested a review of the decision of an administrative law judge denying his application, mailed to the plaintiff on February 3, 2014,

1

a notice of its action and of his right to commence a civil action appealing that action within 60 days from the date of receipt. Declaration of Kathie Hartt, Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration (ECF No. 10-2), ¶ 3(a). The plaintiff filed the instant action in this court on April 10, 2014, ECF No. 1, sixty-one days after the presumptive date of receipt of the notice.

In opposition to the motion to dismiss, the plaintiff submitted a brief memorandum (ECF No. 15) and his own affidavit, contending that he did not receive the notice until February 15, 2014, and that this action was filed within 60 days from that date. Defendant's Response in Opposition to Plaintiff's Motion to Dismiss (ECF No. 15) at 1-2 & Affidavit of Plaintiff James A. Starrett in Opposition to Defendant's Motion to Dismiss (ECF No. 15-1).

In a similar case, the First Circuit held that the regulatory presumption may be rebutted, but not by an affidavit that "merely state[s] a date of receipt more than five days after the Appeals Council's notice, or allege[s] non-receipt within the five days[.]" *McLaughlin v. Astrue*, 443 Fed.Appx. 571, 574, 2011 WL 5085011, at **3 (1st Cir. Oct. 27, 2011). The plaintiff must also aver on oath that the Appeals Council's notice occurred on a date more than five days after the date on which it was mailed and explain why he is sure that this is so, along with evidence in support of that averment. *Id.*

Here, the plaintiff's affidavit states that the notice was received on February 15, 2014, and explains how he knows that fact, and he submits email correspondence between his attorney and a person identified as the plaintiff's representative of that date, supporting the plaintiff's assertion of receipt on February 15, 2014. ECF No. 15-2.

Nothing further is required. The motion to dismiss should be **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge