UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES A. STARRETT, )<br>)<br>        *Plaintiff* )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,* )<br>)<br>        *Defendant* ) | No. 2:14-cv-152-JHR |

*MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of returning to past relevant work as a customer service representative. The plaintiff seeks remand on the basis that the administrative law judge made a flawed residual functional capacity ("RFC") determination when he ignored an opinion of a treating physician, William A. Ollar, D.O., that had been prepared to rebut the opinion of an examining physician, Jane Glass, D.O., to which he gave significant weight, wrongly accorded great weight to the "brief[,] conclusory assessments" of two agency nonexamining consultants, Carol Eckert, M.D., and Benjamin Weinberg, M.D., and went on to determine the plaintiff's RFC based on his own lay interpretation of the raw medical

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 10, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 21.

evidence.  *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 24) at 8-10.  I find no reversible error and, accordingly, affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 88; that he engaged in substantial gainful activity for several periods postdating his alleged onset date of disability, specifically, from July 2010 to November 2010, April 2011 to May 2011, and October 2011 through the date of the decision, November 13, 2012, Finding 2, *id.*; that there had been a continuous 12-month period(s) during which the plaintiff did not engage in substantial gainful activity, and that the administrative law judge's remaining findings addressed those period(s), Finding 3, *id.* at 89; that the plaintiff had severe impairments of lumbar degenerative disc disease and left elbow epicondylitis, status-post surgery, Finding 4, *id.* at 90; that he had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he could stand for two hours and sit for six hours in an eight-hour workday with normal breaks, could occasionally lift 10 pounds, or push and pull, with his left upper extremity, could frequently reach in all directions, handle, and finger with his left upper extremity, could occasionally operate foot controls with his right lower extremity,[2] could never climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, could occasionally balance, stoop, kneel, crouch, and crawl, needed to avoid even moderate exposure to unprotected heights and hazardous machinery, and required the ability to change position from sitting to standing on an

---

[2] As the commissioner notes *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 25) at 3 n.2, the administrative law judge mistakenly stated that the plaintiff could occasionally operate foot controls with his right *upper* extremity, *see* Finding 6, Record at 92.  Nothing turns on the error.

hourly basis for one to two minutes to stretch, but could stay on task during that time, Finding 6, *id*. at 92; that he was capable of performing past relevant work as a customer service representative, which did not require the performance of work-related activities precluded by his RFC, Finding 7, *id*. at 96; and that he, therefore, had not been disabled from July 23, 2008, his alleged date of onset of disability, through the date of the decision, November 13, 2012, Finding 8, *id*. at 98. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

In determining the plaintiff's RFC, the administrative law judge explained his resolution of conflicts in the opinion evidence as follows:

> In reaching this Finding, the undersigned gives significant weight to the assessment of Dr. Glass, that the [plaintiff] was able to work with limitations in overhead work, and could lift 70 pounds. Dr. Glass is an examining source and this assessment is based on examination and testing of the [plaintiff], and is consistent with his return to work in construction and operating a forklift. However, based on the [plaintiff's] credible testimony that these jobs were difficult for him, the undersigned finds that [he] is more limited, as indicated in the [RFC] assessed in this Finding. Dr. Glass's assessment also was prior to the onset of the [plaintiff's] elbow pain, and therefore does not account for limitations due to this physical impairment.
>
> The undersigned gives great weight to the State agency medical consultants' assessments, that the [plaintiff] is limited to work at the medium exertional level, with additional postural and manipulative limitations. However, as explained above, the undersigned finds the [plaintiff] limited to work at the sedentary exertional level based on his work history and his credible testimony that he found the construction and forklift jobs to be too physically strenuous.

Record at 96 (citations omitted).

As the commissioner persuasively argues, *see* Opposition at 4-5, the administrative law judge committed no error in ignoring the opinion of Dr. Ollar because it is irrelevant. Dr. Glass evaluated the plaintiff at the request of an insurance company case manager to address "[a] question regarding if his current low back complaints relate to his chronic low back pain versus a reported work injury on 07/23/2008." Record at 326. She was also asked to provide opinions on, *inter alia*, his functional capacity and work capacity. *See id*.[3]

Following examination and a review of medical records, *see id*. at 326-32, Dr. Glass concluded that it was "questionable if [the plaintiff] sustained a lumbar muscular strain at work on 07/23/2008[,]" *id*. at 333. She stated, with respect to the plaintiff's functional capacity, that

---

[3] The plaintiff had a longstanding history of low back pain when he injured his back at work on July 23, 2008, while moving a washing machine. *See* Record at 93, 300.

4

she "would limit him from doing any loaded or repetitive work above shoulder level secondary to his facet joint hypertrophy" and that, based on a "BTE [brand] [functional capacity] evaluation" of "his maximum safe lift at two levels[,]" he "was easily able to lift 70 pounds floor to waist and 70 pounds waist to shoulder" and "easily pushed 100 pounds and pulled 80 pounds[,]" capacities in "the OSHA Heavy category." *Id*.

In the April 28, 2009, note on which the plaintiff relies, Dr. Ollar did not dispute the findings of Dr. Glass to which the administrative law judge gave significant weight – that the plaintiff was able to work with limitations in overhead work and could lift 70 pounds – but, rather, her conclusion that, for purposes of the plaintiff's then-pending workers' compensation claim, it was questionable whether his pain and functional limitations were attributable to a July 23, 2008, workplace injury rather than a preexisting condition. *See id*. at 360 (statements by Dr. Ollar that the plaintiff had been able to work prior to July 23, 2008, with his chronic low back pain but not afterward and that, "I feel that his pain is diskogenic in nature due to new findings of his disk disease at 3 and 4 that could have quite readily occurred on the day of his accident on 07/23/2008.").

As the commissioner points out, *see* Opposition at 5, Dr. Ollar did not dispute Dr. Glass's finding that the plaintiff could work with limitations in overhead reaching, and he admitted that the BTE evaluation indicated that the plaintiff's lifting capacity was in the OSHA heavy category, *see* Record at 360 ("Yes, he was able to do OSHA heavy lifting category BTE exams, but this would not allow him to move much heavier industrial sized washing machines.").

Administrative law judges are obliged to provide "good reasons" only for their handling of "medical opinions" of a treating source; that is, "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your

5

impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2), (c)(2).[4]

Nor does the plaintiff demonstrate entitlement to remand on the basis of the administrative law judge's decision to accord great weight to the Eckert and Weinberg opinions. While the plaintiff describes their opinions as "brief" and "conclusory," he does not explain how. Statement of Errors at 9-10. For example, he does not allege that Drs. Eckert and Weinberg rendered their opinions without the benefit of review of material evidence, misconstrued any evidence on which they relied, or omitted any material functional limitations. *See id.*; *Powers v. Barnhart*, No. 04-86-P-C, 2004 WL 2862170, at *2 (D. Me. Dec. 13, 2004) (rec. dec., *aff'd* Jan. 5, 2005) ("The opinions of DDS non-examining reviewers such as [Drs. Eckert and Weinberg] can constitute substantial evidence of RFC, particularly if those reviewers have had access to the material raw medical reports of examining and treating physicians."). As the commissioner notes, *see* Opposition at 6-7, this is fatal to his bid for remand on this ground, *see, e.g.*, *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) (a claimant bears the burden to demonstrate harmful error).[5]

---

[4] At oral argument, the plaintiff's counsel contended that Dr. Ollar did provide a functional capacity opinion as well as a causation opinion. However, he did not identify specific portions of the Ollar note that, in his view, constituted such an opinion. Dr. Ollar did observe that the plaintiff had a "grossly deconditioned core" and "almost nonexistent" muscle tone, that he experienced an increase in back pain when doing any core-strengthening exercises, and that his back pain "did not respond to facet injections or epidural steroid injections." Record at 360. However, none of those observations constitutes an opinion as to the plaintiff's functional capacity. I find only one such opinion – that after the plaintiff's injury on July 23, 2008, he was unable to do his job because he was "unable to lift heavy weights from the ground upwards." *Id*. However, any error in failing to discuss this opinion plainly was harmless, not only because it is consistent with the Glass finding but also because the administrative law judge found the plaintiff capable of performing at most sedentary work, which entails lifting no more than 10 pounds at a time. *See* Finding 6, *id.* at 92; 20 C.F.R. § 404.1567(a).

[5] The commissioner points out that Dr. Eckert, whose opinion is dated September 2, 2011, reviewed the majority of the evidence pertaining to the plaintiff's back impairment, including his MRI results, plus early evidence of his treatment for his left elbow impairment, while Dr. Weinberg, whose opinion is dated January 25, 2012, reviewed those records plus nearly the full record of the plaintiff's treatment for his elbow impairment. *See* Opposition at 6; Record at 60-61, 63-66, 74-78.

Finally, while it is true, as the plaintiff observes, *see* Statement of Errors at 9, that the administrative law judge found him more limited than did Drs. Glass, Eckert, and Weinberg, he fails to demonstrate that this was reversible error. He argues that, to arrive at that conclusion, the administrative law judge impermissibly interpreted raw medical evidence. *See id*.; *Gordils v. Secretary of Health & Human Servs.,* 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record.").

However, the administrative law judge expressly stated that he deviated from the expert opinions, restricting the plaintiff to work at a sedentary exertional level, "based on [the plaintiff's] work history and his credible testimony that he found the construction and forklift jobs to be too physically strenuous." Record at 96. The plaintiff's work history included the performance of two heavier exertional level jobs from July to November 2010 (quality control work in the construction industry) and in April and May 2011 (forklift operation) and the performance of a sedentary exertional level job as a customer service representative from April 2012 through the date of the decision. *See id*. at 89. The plaintiff did not quit either of those jobs. Rather, he testified that the construction job, which was seasonal, ended, and he was let go from the forklift job. *See id*. at 13-14, 25-26. However, he stated that he did not feel that he could return to that type of work because it was too physically demanding. *See id*.

It is not error to assess restrictions more favorable to a claimant than those set forth by medical experts on the basis of the adoption of a claimant's own testimony. *See, e.g.*, *Dandreo v. Astrue*, Civil No. 09-347-P-H, 2010 WL 2076090, at *6 (D. Me. May 20, 2010) (rec. dec., aff'd June 9, 2010).

Nor, as the commissioner argues, *see* Opposition at 10, does an administrative law judge commit reversible error in assessing a claimant's RFC when his or her RFC determination is more favorable to the claimant than the evidence supports, *see, e.g.*, *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("[A] claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support.") (footnote omitted).

In his statement of errors, and through counsel at oral argument, the plaintiff identified his own testimony and allegations, as well as the 2009 Ollar note, as evidence of greater limitations than those assessed by the administrative law judge. *See* Statement of Errors at 9-10. The plaintiff's counsel contended, in particular, that the administrative law judge erred in judging his client's capacity for the period from July 2008 to July 2010 based on what he could do as of late 2011.

To the extent that the plaintiff relies on his own testimony and allegations, remand is unwarranted in these circumstances, in which he did not separately challenge the administrative law judge's credibility determination. *See id*. at 8-10; *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 & n.4 (D. Me. Apr. 25, 2014) (rejecting argument that RFC limitations were not favorable enough, based on claimant's testimony, when claimant's attorney conceded that the limitations were "more favorable than the medical evidence would support" and claimant had not separately challenged the administrative law judge's credibility determination; observing, "A ruling in favor of the plaintiff on this basis would contradict much of current Social Security law dealing with [the] credibility of applicants.").

To the extent that he relies on the 2009 Ollar note, as discussed above, nothing in the Ollar opinion indicates that the plaintiff had less functional capacity from 2008 through 2010 than was found by Dr. Glass or, more importantly, by the administrative law judge.

## II.  Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 29th day of June, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge